UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARL MAURICE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-01823-JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Earl Maurice Johnson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed September 16, 2013. (ECF No. 1.) Petitioner amended his Motion on April 5, 2016. (ECF No. 10.) The Government has filed a Response (ECF No. 3), and the matter is ready for disposition. Because the Court finds that Petitioner's claims can be conclusively determined based upon the Parties' filings and the record, this Court decides this matter without an evidentiary hearing.

## BACKGROUND

On June 8, 2012, pursuant to a written plea agreement, Petitioner plead guilty to conspiracy to defraud, aggravated identity theft, and bank fraud, all in violation of 18 U.S.C. §§ 371, 1028A, and 1344. (ECF No. 280 (No. 4:11-cr-00352).) In the plea agreement, Petitioner admitted that there was a factual basis for his plea, and the Parties stipulated to the following facts:

> Beginning as early as May 3, 2011, in the St. Louis Metropolitan area and the Southern District of Illinois, Earl Maurice Johnson…and others would break into cars using a method referred to a 'car clouting,' in order to steal personal checks, identification documents, and credit cards…

1

> During the time period of the criminal conspiracy, the identities of 44 individuals were used during the fraudulent scheme, and nine financial institutions experienced losses. The financial institutions' actual losses of $57,982.32 resulted through the bank fraud and credit card schemes…. In addition, as of the date of the drafting of the plea agreement, the car clouting victims reported repair costs, replacement costs of stolen property, and stolen funds of $41,437.33.

*Id.* at 2-4, 7-8. The Parties agreed that, with respect to the fraud charges, a four-level enhancement applied pursuant to Sentencing Guidelines Section 2B1.1(b)(2)(B) "because the offense involved 50 or more victims," and that "the U.S. Sentencing Guidelines Total Offense Level analysis agreed to…[was] the result of negotiation and led, in part, to the guilty plea." *Id.* at 2, 9. The plea agreement also contained an appeal waiver provision, which stated that, "Petitioner has been fully apprised by defense counsel of [his] rights concerning appeal and fully understands the right to appeal the sentence…" *Id.* at 11. Following a plea hearing, the Court accepted Petitioner's guilty plea. (ECF No. 279 (No. 4:11-cr-00352).)

At the September 2012 sentencing hearing, the Court confirmed that there were no objections to the Presentence Report ("PR"), and adopted the PR's Guidelines calculations, which, with respect to the fraud charges, included a four-level enhancement under section 2B1.1(b)(2)(B).[1] (ECF No. 287, 301, 312 (No. 4:11-cr-00352).) The Court then sentenced Petitioner to 111 months in prison. (ECF No. 303 (No. 4:11-cr-00352).) Petitioner did not directly appeal his sentence. On September 17, 2012, Petitioner signed a Notice of Compliance with Local Rule 12.07(A) (hereinafter, the "Notice of Compliance"), certifying that he had been fully informed of his right to appeal the final judgment, that he did not wish to file a notice of appeal, and that he had instructed his attorney not to file a notice of appeal. (ECF No. 300 (No. 4:11-cr-00352).)

---

[1] The 2011 Sentencing Guidelines Manual was used by the Parties, the Probation Office, and the Court to calculate Petitioner's sentence.

On September 16, 2013, Petitioner filed his original Motion for habeas relief. (ECF No. 1.) In his Motion, he asserts as follows:

> In the instant case subjudice, Petitioner complains that his sentence was imposed in violation of the laws of the United States and contrary to the Fifth Amendment Due Process Clause requiring that his sentence be based on reliable and accurate information; and moreover, that he was denied his Sixth Amendment right to effective assistance of counsel, where counsel failed to object to and/or appeal the unconstitutional sentence imposed in this matter under counsel's watch.

*Id.* at 2. Petitioner further asserts that the "core issue" he seeks to raise is that "his sentence was erroneously enhanced by four (4) levels under [section] 2B1.1(b)(2)(B) on the allegation that the offense of conviction involved more than fifty (50) victims." *Id.* at 3. Petitioner essentially argues that the Application Notes to the Guidelines define "victim" as "any person who sustained any part of the actual loss," or "any individual whose means of identification was used unlawfully or without authority," and that "the enhancement in this case falls short of constitutional muster because there is no evidence in the record suggesting that any individual identification was used beyond the forty-eight (48) victims conceded by Petitioner." *Id.* at 3-4.

On April 5, 2016, Petitioner amended his Motion to include as an additional ground for relief that the Bureau of Prisons ("BOP") "refuses to credit [him] with the 50 days of unallocated time" that he spent in state prison. (ECF No. 10 at 1.) Petitioner seeks an order from the Court directing the BOP to credit him with the 50 days. *Id.*

### STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to section 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under section 2255, the error of which the movant complains must amount to a

3

"fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quotation and citation omitted).

A section 2255 Petitioner, however, "cannot raise a nonconsitutonal or nonjurisdictional issue in a [section] 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a section 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citation omitted). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations and citations omitted).

The Court must hold an evidentiary hearing to consider claims raised in a section 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). The Court may dismiss a section 2255 claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (citation omitted)

## **DISCUSSION**

### A.  *Guideline Enhancement*

To the extent Petitioner claims that the Court improperly applied the section 2B1.1(b)(2)(B) enhancement at sentencing, his claim must fail. Section 2255 permits a prisoner serving a federal sentence to request that the sentence be vacated, set aside, or corrected on the

4

ground that the sentence was "in excess of the maximum authorized by law." 28 U.S.C. § 2255. The Eighth Circuit has stated that "this provision applies to violations of statutes establishing maximum sentences, rather than the garden-variety Sentencing Guideline application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Thus, an alleged error in applying the Guidelines is not cognizable in a section 2255 motion. *See id.* (collecting cases). Petitioner does not claim that he was sentenced in excess of the statutory maximum penalty, which, for bank fraud, is 30 years in prison, *see* 18 U.S.C. § 1344, and the sentence he in fact received was less than the maximum. Therefore, any alleged error by the Court is not properly brought under section 2255, and instead should have been raised in a direct appeal challenging the sentence. *See Auman*, 67 F.3d at 160-61. Petitioner's claim must be dismissed with prejudice.

B.     *Ineffective Assistance of Counsel*

Petitioner's ineffective assistance of counsel claims, which are not procedurally barred, must nevertheless also fail. *See United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (claims of ineffective assistance of counsel are properly raised under § 2255 rather than on direct appeal). The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A section 2255 petitioner asserting ineffective assistance of counsel, however, "faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

To prevail on such a claim, the petitioner must first show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir. 2005). Review of counsel's performance by the Court is "highly deferential," and

the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The petitioner must then establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695.

Petitioner claims that his counsel was ineffective in that he failed to object to the application of the section 2B1.1(b)(2)(B) enhancement. Under the 2011 Guidelines, section 2B1.1(b)(2) provides for a two-level increase if the offense "involved 10 or more victims" and a four-level increase if there are "50 or more victims." Application Note 4(E) defines "victim" as "(i) any victim as defined in Application Note 1; or (ii) any individual whose means of identification was used unlawfully or without authority." Application Note 1 defines "victim" as "(A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense." The term "'[p]erson' includes individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies." U.S.S.G. § 2B1.1 (2011), comment. (n.1).

Contrary to Petitioner's assertions, the record demonstrates that the facts supported the application of the enhancement. In the plea agreement, not only did Petitioner agree that a

6

four-level enhancement applied under section 2B1.1(b)(2)(B), but he also stipulated that "the identities of 44 individuals were *used* during the fraudulent scheme," and that "nine financial institutions experienced [pecuniary] *losses*." *See United States v. His Law*, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam) (promise made by criminal defendant in plea agreement is binding). Thus, the number of "victim[s]," as that term is defined under the 2011 Guidelines, exceeded 50. In view of the foregoing, Counsel's performance was reasonable, since any objection made to the enhancement would have been meritless.[2] *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (counsel's failure to advance meritless argument cannot constitute ineffective assistance). Furthermore, any objection made by counsel to the enhancement would have constituted a breach of the plea agreement. *See His Law*, 85 F.3d at 379. Petitioner cannot show that counsel acted unreasonably in abiding by the terms of the plea agreement, particularly when the Parties explicitly agreed that "the U.S. Sentencing Guidelines Total Offense Level analysis agreed to…[was] the result of negotiation and led, in part, to the guilty plea." *Cf. Schlichting v. United States*, 355 Fed. Appx. 84, 85 (8th Cir. 2009) (unpublished per curiam) (§ 2255 petitioner could not show that sentencing counsel acted unreasonably in abiding by plea agreement's terms or that he was prejudiced by counsel's failure to challenge agreed-upon enhancements).

Petitioner also claims that his counsel was ineffective in that he failed to file a notice of appeal. Failing to file a notice of appeal after a client instructs his attorney to do so constitutes ineffective assistance of counsel. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir.

---

[2] The Court notes that the cases Petitioner cites for support are factually distinguishable. *See United States v. Rabiu*, 721 F.3d 467, 469, 473-74 (7th Cir. 2013) (conspirators used identifying information of 33 individuals; plea declaration did not include any admission concerning number of victims); *United States v. Hall*, 704 F.3d 1317, 1319-20 (11th Cir. 2013) (conspirators used identifying information of 12 individuals).

2000). Under such circumstances, the petitioner need not show prejudice or likelihood of success on appeal. *See Id.* (citation omitted). However, the petitioner must establish that he instructed his counsel to file an appeal. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." *Id.* (citation omitted).

Petitioner alleges that his counsel failed to consult with him regarding his rights to appeal, and that counsel was "presented with sufficient evidence of Petitioner's desire to have such an appeal pursued on his behalf." (ECF No. 1 at 7.) However, Petitioner does not specify the "evidence" to which he refers. Furthermore, Petitioner's allegations are refuted by the Notice of Compliance he signed, in which he certified that he had been fully informed of his right to appeal the final judgment, and that he had instructed his attorney not to file a notice of appeal.

For the foregoing reasons, Petitioner has not established that his counsel's performance was constitutionally deficient. Therefore, his claims of ineffective assistance of counsel are without merit and must be dismissed with prejudice.

C. *Computation of Prison Sentence*

Petitioner's claim regarding the computation of his prison sentence is not cognizable under section 2255. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (petitioner's claim of improper denial of jail time credit cannot be brought under § 2255, because petitioner is "not contending that his conviction is illegal, he is only contesting the execution of his sentence"). Instead, Petitioner should raise his claim in a motion under 28 U.S.C. § 2241. Section 2241 petitions must be brought in the district court where the petitioner is incarcerated. *See* 28 U.S.C. § 2241; *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Petitioner is incarcerated at Coleman Low FCI, which is located in the Middle District of Florida. As a result,

this Court does not have jurisdiction to construe Petitioner's claim as one under section 2241, and his claim must be dismissed without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Earl Maurice Johnson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 10) is **DENIED**, and that his claim is **DISMISSED without prejudice**. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 12th day of April, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE